**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARLOWE SINGLETON,<br><br>Defendant. | Case No. 2:20-cr-00030-JAD-BNW<br><br>**Order Adopting Report and Recommendation for Commitment and Hospitalization Under 18 U.S.C. § 4241(d)**<br><br>ECF No. 16 |

**I.  Background**

This case originates out of the Southern District of California (19CR01538-001-BLM). Marlowe Singleton, the defendant in this case, was sentenced on November 5, 2019 to a term of two years' probation for the assault of a federal officer, a violation of 18 U.S.C. § 111(a)(1). (ECF No. 1.) Supervision commenced that same day. (*Id*.)

On November 27, 2019, the United States Probation Office in the Southern District of California filed a petition alleging Ms. Singleton had violated the conditions of probation. (*Id*.) Specifically, Probation alleges that Ms. Singleton failed to report to the Las Vegas Probation Office. (*Id*.) A warrant for her arrest issued that same day. (*Id*.)

On December 9, 2019, Ms. Singleton made her initial appearance before this court. At that time, it appeared to this court that Ms. Singleton was suffering from mental health problems. Prior to the hearing, the Office of the Federal Public Defender advised that Ms. Singleton would not allow it to represent her. During the hearing, Ms. Singleton provided responses that were neither responsive nor related to the court's questions. At one point, Ms. Singleton stopped speaking in English and appeared to talk in a language resembling Latin. This court ordered a competency evaluation pursuant to 18 U.S.C. § 4241 sua sponte and appointed the Office of the

Federal Public Defender to represent Ms. Singleton pending and during her competency hearing. (ECF No. 3.)

This court received Ms. Singleton's psychiatric report on February 18, 2020 and made it available to the parties. The psychiatric report will be made a part of the record and sealed.

On February 21, 2020, this court conducted a competency hearing. (ECF No. 15.) At the hearing, neither party objected to any portion of Ms. Singleton's psychiatric report.

During the hearing, Ms. Singleton appeared agitated (interrupting the court multiple times and pounding on the table), was non-responsive to questions, and spoke in an indistinguishable language. She referred to herself as an international judge and doctor, a lieutenant, and the owner of Starbucks.

This court asked her whether she understood what caused the Probation Department to allege she had violated the terms of probation. Her response was: "I did turn in my final word; I'll consider this par 6; I was before a federal agent, top-notch, and Probation's administration…" This court also asked Ms. Singleton whether she believed she could talk to her attorney about any potential defenses for the probation revocation hearing. Ms. Singleton responded: "M'am I believe you are behind the bench without security clearance information." Lastly, this court asked whether she understood she had the right to contest the allegations that she had violated probation. Her response was "M'am I told you my rights as Judge 'Evichy' and I understand your paper-work is non-convalescent."

Ms. Singleton continued making statements that were unintelligible and interrupting the court. As a result, this court asked that Ms. Singleton be removed from the courtroom and placed in the lock-up area where she would have the ability to listen to the proceedings.

The court read into the record the more salient portions of the report and noted, several times, the strong similarities in conduct, behavior and mannerisms observed by the psychiatrist who prepared the report and those exhibited by Ms. Singleton during the hearing. In short, Ms. Singleton was as unwell at her competency hearing today as she was when she made her initial appearance on December 9, 2019. The psychiatric report, prepared by Dr. Nybo, concludes that Ms. Singleton suffers from "Schizoaffective Disorder, Bipolar Type, which would substantially

impair her present ability to understand the nature and consequences of the court proceedings brought against her, and substantially impair her ability to assist counsel in her defense." Dr. Nybo recommended that Ms. Singleton be remanded to a medical facility in an attempt to restore her competency. The government and counsel for the defense agreed with the BOP's recommendation.

This court found Ms. Singleton was not competent and provided the factual basis for that finding on the record. The court explained to the parties that it was this court's intention to prepare a short Report and Recommendation to expedite the process of getting Ms. Singleton back to a facility where it hopes she will regain competency. The court explained that the Report and Recommendation would simply summarize what was stated in open court. Based on that representation, both the government and counsel for Ms. Singleton stated there would be no objections filed.

## II.  Analysis

The treatment of offenders suffering from a mental disease or defect is governed by the Insanity Defense Reform Act of 1984. 18 U.S.C. §§ 4241–48. The Federal Criminal Code establishes a multipart statutory scheme for addressing offenders suffering from a mental disease or defect who have pending federal charges. 18 U.S.C §4241 is triggered once "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." It is well settled that the Fifth Amendment prohibits trying a defendant who is mentally incompetent. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). "A person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975). Importantly, 18 U.S.C § 4241 does not exclusively apply to individuals who are facing trial. It also applies "at any time after the commencement of probation or supervised release and prior to the completion of the sentence." 18 U.S.C § 4241(a).

"Competence is defined as the ability to understand the proceedings and to assist counsel in preparing a defense." *Miles v. Stainer*, 108 F.3d, 1109, 1112 (9th Cir.1997) (*citing Dusky v. United States*, 362 U.S. 402 (1960)). The test for determining whether a defendant is competent to stand trial is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). Similarly, Section 4241(d) establishes a two-part test for competency. A defendant must be able both to understand the nature of the proceedings against him and to assist properly in his defense. 18 U.S.C § 4241(d). The defendant's ability to participate or assist his counsel must be evaluated in light of the type of participation required. *United States v. Dreyer*, 705 F.3d 951, 961 (9th Cir. 2013). For purposes of probation revocation hearings, the test is whether the defendant can understand the nature of the proceedings and participate intelligently to the extent participation is called for. *Chavez v. U.S.* 656 F.2d 512, 518 (9th Cir. 1981).

Based on the observations made in court today, and taking into account Dr. Nybo's report, Ms. Singleton seems disconnected from reality. By a preponderance of the evidence, this court finds that Ms. Singleton does not have any rational or factual understanding of the nature or consequences of the proceedings against her. Likewise, this court finds by a preponderance of the evidence that Ms. Singleton is unable to assist properly in her defense, as she is not able to consult with her lawyer with any reasonable degree of rational understanding. While this court takes into consideration that Ms. Singleton would not need to participate in a probation revocation hearing to the same extent that she would need to participate in other proceedings, her mental state is such that she is unable to participate at all.

Accordingly, **IT IS RECOMMENDED** that

(1) Ms. Singleton is declared to be mentally incompetent to proceed with the probation revocation proceedings in this case and is committed to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241.

(2) The Attorney General shall, pursuant to 18 U.S.C. § 4241(d), hospitalize Ms. Singleton for treatment in an appropriate facility for such a reasonable period of time, not to

exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to permit the proceedings to go forward; and

(3) Forty-five days from today, the Attorney General or his designee shall file a status report indicating whether Ms. Singleton's mental condition has improved.

(4) To the extent this request can be accommodated, this court requests that Ms. Singleton be remanded to MCC San Diego, California.

DATED: February 21, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

**Order Adopting Report and Recommendation for
Commitment and Hospitalization Under 18 U.S.C. § 4241(d)**

The District Court having reviewed the magistrate judge's report and recommendation [ECF No. 16] de novo, considering the entire record of this matter and the psychiatric report, and the parties having indicated that they waived objections to the report and recommendation, IT IS HEREBY ORDERED that **the District Court ADOPTS in full the Report and Recommendation [ECF No. 16]** for the reasons stated therein and on the record at the magistrate judge's hearing today (the audio recording of which the District Court has reviewed). **IT IS THEREFORE ORDERED that**:

(1) **Ms. Singleton is declared to be mentally incompetent** to proceed with the probation revocation proceedings in this case **and is hereby committed** to the custody of the Attorney General of the United States under 18 U.S.C. § 4241;

(2) The Attorney General is directed in accordance with 18 U.S.C. § 4241(d) to **hospitalize Ms. Singleton for treatment** in an appropriate facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to permit the proceedings to go forward; and

(3) The Attorney General or his designee must **file a status report by April 7, 2020,** indicating whether Ms. Singleton's mental condition has improved.

(4) To the extent this request can be accommodated, this court requests that Ms. Singleton be remanded to MCC San Diego, California.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: February 21, 2020