# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| United States of America, | Case No. 2:20-cr-00030-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Marlowe Singleton, | |
| Defendant. | |

Defendant Marlowe Singleton is alleged to have violated the conditions of her probation. ECF No. 1. She made her initial appearance before the Court on December 9, 2019. ECF No. 2. Ms. Singleton's erratic behavior at the hearing prompted the Court to order a mental competency hearing pursuant to 18 U.S.C. § 4241. Ms. Singleton was transported to a Bureau of Prisons facility for evaluation. ECF No. 7. All subsequent competency evaluations of Ms. Singleton and certain communications regarding her condition received from the Bureau of Prisons have been filed under seal by the Court at ECF Nos. 17, 19, 20, 21, and 24.

The Supreme Court has held that there is a presumption of openness and right of access to criminal trial proceedings rooted in the First Amendment's guarantees of freedom of speech, press, and assembly. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980). The Court subsequently elaborated on this First Amendment right, outlining a test involving analysis of historical practice and the extent to which public access enhances fairness in the judicial process. *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 8 (1986). The First Amendment test consists of two steps: first, it is determined if a right of access arises with respect to a particular proceeding or document; second, if a right of access is found to arise, it is balanced against the

1  rights of the accused, and closure may be granted if a court decides that it is necessary to preserve
2  said rights. *Id.* at 9. The Court further articulated a common law right of public access to criminal
3  judicial proceedings and documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597
4  (1978).

5  The Ninth Circuit Court of Appeals has held that documents sealed in criminal
6  proceedings must first be subjected to First Amendment right of access analysis. *Associated Press
7  v. United States District Court*, 705 F.2d 1143, 1147 (9th Cir.1983). There, the district court
8  issued a blanket sealing order. *Id.* The Ninth Circuit held that the First Amendment's presumption
9  of openness prohibited such an order and remanded for a document-by-document assessment
10 under the First Amendment right of access. *Id.*

11 The Ninth Circuit Court of Appeals has further held that the party seeking closure of
12 criminal proceedings bears the burden of establishing that closure is required and that alternatives
13 to closure will not protect the rights arguably imperiled by public access. *Oregonian Pub. Co. v.
14 U.S. Dist. Court for Dist. of Oregon*, 920 F.2d 1462, 1466–67 (9th Cir. 1990). The court laid out
15 three substantive requirements that must be met in order to close criminal proceedings: (1)
16 closure must advance a compelling interest, (2) there must be a substantial probability that, absent
17 closure, said interest would be harmed, and (3) there must be no alternative, absent closure, that
18 would protect said interest. *Id.* at 1466. The court has applied these substantive requirements in
19 the context of sealing documents in a criminal proceeding. *In re Copley Press, Inc.*, 518 F.3d
20 1022, 1028 (9th Cir. 2008).

21 The Ninth Circuit Court of Appeals has applied the First Amendment right of access test
22 to competency proceedings while reviewing for clear error a district court's denial of a motion to
23 seal, concluding that the First Amendment presumption of public access extends to competency
24 proceedings and related documents. *United States v. Guerrero*, 693 F.3d 990 (9th Cir. 2012).

25 Here, the Court sealed the documents at ECF Nos. 17, 19, 20, 21, and 24 as a matter of
26 course, without applying the tests articulated by the Supreme Court and the Ninth Circuit.  This
27 was in error.  Therefore,
28 …

**IT IS ORDERED** that unless the Court receives a motion to seal from either party by July 29, 2020, the Court will enter an order unsealing ECF Nos. 17, 19, 20, 21 and 24. If the Court receives a motion to seal, the documents at issue shall remain under seal pending resolution of that motion.

DATED: July 15, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE